UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATL, INC., a Washington corporation,<br><br>        Plaintiff,<br><br>     v.<br><br>CITY OF SEATTLE,<br><br>        Defendant. | Case No. C09-1240RSL<br><br>ORDER AWARDING<br>FEES AND COSTS |

This matter comes before the Court following years of motions practice and a three-day bench trial on Plaintiff's request for $137,997.50 in fees and $713.24 in costs pursuant to 42 U.S.C. § 1988. See Dkt. ## 113, 114. The Court finds that Plaintiff is entitled to fees and costs, but not in the amount requested.[1] It awards Plaintiff only $38,874.17 in fees and $713.24 in costs.

**I. DISCUSSION**

"In an action brought pursuant to 42 U.S.C. § 1983, 'the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . .'" Mahach-Watkins v. Depee, 593 F.3d 1054, 1059 (9th Cir. 2010) (alterations in original) (quoting 42 U.S.C. § 1988(b)). Typically, the Court's inquiry is relatively simple. It need only determine whether the plaintiff is a "prevailing party," and, if so, what fees

---

[1] Based on the Court's experience in and knowledge of the Washington legal market, the Court finds the hourly rates charged by each of Plaintiff's attorneys to be reasonable.

ORDER AWARDING FEES AND COSTS - 1

are reasonable.  Hensley v. Eckerhart, 461 U.S. 424, 429, 430 (1983) ("[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." (citation and internal quotation marks omitted)).  Unfortunately, this case is not typical.

The Court's determination as to the proper amount of fees case is complicated by the fact that Plaintiff "'achieved only limited success.'"  Tex. State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 789 (1989) (quoting Hensley, 461 U.S. at 431).  Not only did most of Plaintiff's challenges to the City's regulatory scheme fail, but it ultimately received only nominal damages instead of the $1.6 million it requested.  Thus, while "a plaintiff who wins nominal damages is a prevailing party under § 1988," Farrar v. Hobby, 506 U.S. 103, 112 (1992), "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . , the only reasonable fee is usually no fee at all," id. at 115.

And the Court's inquiry is complicated by the fact that Plaintiff seeks to recover fees for work performed prior to the litigation or otherwise not "reasonably expended on the litigation."  See Webb v. Bd. of Educ. of Dyer Cnty., Tenn., 471 U.S. 234, 242–43 (1985) (emphasis in original) (quoting Hensley, 461 U.S. at 433 (emphasis added)).  As a result, the Court must determine whether Plaintiff may recover fees for these disputed hours.  Id. ("[I]t is difficult to treat time spent years before the complaint was filed as having been 'expended on the litigation' or to be fairly comprehended as 'part of the costs' of the civil rights action.").

Finally, the Court must also account for the fact that Defendant made a Rule 68 offer of judgment in the amount of $100,000, inclusive of reasonable attorneys' fees and taxable costs, on February 17, 2012.  Dkt. # 102; Marek v. Chesny, 473 U.S. 1, 9 (1985).

The Court considers the effect of each of these complications in turn.

**A. "Reasonably Expended on the Litigation" Requirement**

ORDER AWARDING FEES AND COSTS - 2

The Court begins with the simplest of the inquiries—the requirement that hours be "reasonably expended on the litigation" to be considered a compensable § 1988 cost.

The City raises two specific complaints in regard to this requirement. First, it contends that the Court should exclude the fees sought for work done between July 2008 and August 2009. Second, it contends that the Court should exclude the $412.50 in fees sought for hours worked on non-litigation matters. The Court agrees.

As to each of the pre-August 2009 hours, the Court finds that Plaintiff has failed to carry its burden of demonstrating that any were "expended on the litigation" rather than in an attempt to resolve Plaintiff's difficulties with the City without litigation. See Webb, 471 U.S. at 242 ("[T]he party seeking an award of fees has the burden of submitting 'evidence supporting the hours worked and rates claimed.'" (citation omitted)). For example, many of the entries reflect that counsel was simply advising Davis generally on how to proceed based on her understanding of the law. See, Dkt. # 114 at 5–11. Other times, she corresponded with the City on Robert Davis's behalf.[2] See, e.g., id. at 6, 10–11.

And while these hours were "reasonably related to the enforcement of [the] federal civil rights" ultimately at issue and could, "in the exercise of normal billing judgment, be 'properly billed to one's client,'" that is not enough. Webb, 471 U.S. at 242. As the Court explained in Webb, time "reasonably expended on the litigation" was meant to be interpreted narrowly. Id. In regard to pre-suit work, it includes only more "ordinarily necessary" activities such as "the drafting of the initial pleadings and the work associated with the development of the theory of the case." Id. at 243; see id. at 242. And like the plaintiff in Webb, Plaintiff has not made any specific argument or suggestion "that any discrete portion of th[is] work product . . . was work that was both useful and of a type ordinarily necessary to advance the civil rights litigation." Cf. id. at

---

[2] As explained in the Court's memorandum, Dkt. # 112, Davis was the lone officer and shareholder of both ASF, Inc., and Plaintiff.

ORDER AWARDING FEES AND COSTS - 3

243. Plaintiff has thus failed to carry its burden as to these hours, requiring the Court to exclude $8,222.50 in requested fees.[3] Dkt. # 114 at 5–11.

Next, the Court turns to the August 2009 hours. For the reasons previously expressed the Court finds that none of the entries prior to August 24 demonstrate any relation to the furtherance of the litigation. Id. at 11. Accordingly, the Court excludes an additional $440 in claimed fees. The remaining August 2009 entries demonstrate a relation to the litigation, id. at 12, and are therefore properly included as compensable costs. Webb, 471 U.S. at 243.

Finally, the Court considers whether hours spent on liquor control board issues were "expended on the litigation." Dkt. # 114 at 25. On their face, these hours appear unrelated, and Plaintiff has not provided the Court with any basis to find otherwise. The same is true of the hours spent in May 2010 on title issues. Id. at 26. The Court thus excludes these hours, resulting in an additional deduction of $412.50 in claimed fees.

In sum then, pursuant to Webb, the Court finds that it must exclude as unrelated to this litigation $9,075 in claimed fees.

**B. "Limited Success"**

The Court next considers Defendant's contention that Plaintiff's fees should be reduced to account for the fact that it succeeded on, by Defendant's count, only two of its five specific claims and that its success on even those claims was merely nominal.

This circuit employs "a two-step process for analyzing a deduction for 'limited success.'" Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001); accord Webb v. Sloan, 330 F.3d 1158, 1168 (9th Cir. 2003). "The first step is to consider whether 'the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he

---

[3] The Court notes that this is more than the amount to which Defendant objected. The Court nevertheless finds that Plaintiff has not met its prima facie burden of entitlement to this greater amount. The Court also notes that nearly all of these hours were billed to ASF, Inc.—not Plaintiff. As the Court has previously explained, the two corporations are distinct and must be treated as such.

ORDER AWARDING FEES AND COSTS - 4

succeeded.'" Sorenson, 239 F.3d at 1147 (alteration in original) (quoting Hensley, 461 U.S. at 434). If so, the Court must exclude the time spent on those fruitless and unrelated claims. Id. Notably, claims are related so long as they involve either "a common core of facts or are based on related legal theories." Sloan, 330 F.3d at 1168.

After eliminating any unrelated unsuccessful claims, courts must then "consider whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" Sorenson, 239 F.3d at 1147 (alteration in original) (quoting Hensley, 461 U.S. at 434). This does not entail "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon." Hensley, 461 U.S. at 435 n.11. The question is whether the practical effect of the litigation demonstrates that the plaintiff achieved its original goals. Sorenson, 239 F.3d at 1147; Sloan, 330 F.3d at 1163 (noting that the jury found in favor of plaintiff on all claims against one defendant, but against it on the rest, and affirming a roughly 50 percent fee reduction). "The result is what matters." Hensley, 461 U.S. at 435.

Of course, this case presents an extra wrinkle. As the Court explained in Farrar, "'Where recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.'" 506 U.S. at 114 (alteration in original) (citation omitted). And, because "the awarding of nominal damages [only] highlights the plaintiff's failure to prove actual, compensable injury, . . . the only reasonable fee is usually no fee at all." Id. at 115. Thus, a "court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness or multiplying 'the number of hours reasonably expended . . . by a reasonable hourly rate.'" Id. (alteration in original) (internal citations omitted).

In fact, "[i]f a district court chooses to award fees after a judgment for only

ORDER AWARDING FEES AND COSTS - 5

nominal damages, it must point to some way in which the litigation succeeded, <u>in addition</u> to obtaining a judgment for nominal damage." <u>Depee</u>, 593 F.3d at 1059 (alteration and emphasis in original) (citations and internal quotation marks omitted).  In making that determination, the Court must consider three factors:  (1) "[t]he difference between the amount recovered and the damages sought"; (2) "the significance of the legal issue on which the plaintiff claims to have prevailed"; and (3) "whether the plaintiff 'accomplished some public goal.'" <u>Id.</u> (citations and internal quotation marks omitted).  To be clear, though, even if the Court finds that Plaintiff succeeded in some manner <u>in addition</u> to the obtainment of nominal damages, the decision of "whether to make an award in such circumstances," and, if so, the appropriate "'amount of a fee award'" remains entirely "within the discretion of the district court." <u>Wilcox v. City of Reno</u>, 42 F.3d 550, 555 (9th Cir. 1994) (quoting <u>Hensley</u>, 461 U.S. at 437).

With this understanding in mind, the Court turns to the facts of this case.  It first finds that each of Plaintiff's specific claims were related.  Just as its successful facial challenge to SMC 6.270.090 and as-applied challenge to the City's failure to accept its completed permit application arose from its attempts to open an adult cabaret in Seattle, so too did its unsuccessful facial challenges to the dispersion requirements of SMC 23.47A.004.H and the 120-day permit processing deadline of SMC 23.76.005 and its unsuccessful as-applied challenge to the City's application of SMC 23.47A.004.H.  Each arose from "a common core of facts."[4]

The Court thus turns to the second step—the significance of the overall relief in relation to the hours reasonably expended on the litigation.  <u>Sloan</u>, 330 F.3d at 1169.  As the Court thinks that some fees would be appropriate in this matter, it turns to the three

---

[4] The Court notes that <u>Sloan</u> could be interpreted to suggest that facial challenges may not arise from any particular facts and are thus unrelated if they involve distinct legal issues. 330 F.3d at 1169.  Ultimately, though, the Court need not delve into this uncertainty given that it would be nearly impossible to isolate the time Plaintiff's counsel spent on each claim.  <u>See id.</u>  Moreover, the Court's concerns are more easily addressed under the second step.  <u>See id.</u>

ORDER AWARDING FEES AND COSTS - 6

factors. The first, of course, counts against Plaintiff's request. Depee, 593 F.3d at 1059 ("[M]ost nominal damages cases will disfavor an award of fees."). At trial, Plaintiff requested damages of more than $1.6 million. The Court found that the evidence did not support this request and awarded it only $2 in nominal damages.

The second factor—"the significance of the legal issue on which the plaintiffs prevailed"—tips only slightly in Plaintiff's favor. As explained in Depee, "This factor looks not at the relief obtained but to the extent the plaintiffs succeeded on their theory of liability." Id. at 1061 (quoting Cartwright v. Stamper, 7 F.3d 106, 110 (7th Cir. 1993)). It requires the Court to consider whether Plaintiff's limited success actually benefitted the Plaintiff personally in any way. See Benton v. Or. Student Assistance Comm'n, 421 F.3d 901, 908 (2005). And, in this case, Plaintiff's two victories provided little, if any, benefit to Plaintiff.

To recap, of Plaintiff's five predominate claims, the Court denied all but two. Dkt. ## 97, 98. The Court denied Plaintiff's challenges to the City's dispersion requirement, its time line for resolving permit applications, and its application of its permitting scheme against Plaintiff. Dkt. ## 97, 98. And of its two wins, one changed nothing. Though the Court agreed that the City should have accepted Plaintiff's completed permit application in February 2009, the victory was a hollow one. Not even Plaintiff suggested that the City's failure to accept the application was the result of a systematic practice, and the City had already accepted and denied Plaintiff's application by the time this litigation began. Thus, it provided no real benefit. See Benton, 421 F.3d at 907–08 (noting that a defendant's ameliorative action taken "well prior to the district court's finding of a constitutional violation and award of nominal damages" mitigates against a fee award in this context (emphasis in original)).

As a result, Plaintiff is left with only one real win. The Court agreed that SMC 6.270.090 was facially invalid because it lacked a time frame for making a decision and

ORDER AWARDING FEES AND COSTS - 7

struck down the requirement. Dkt. # 97. And in response to this Court's ruling, the City amended its code to include a 30-day time limit. Seattle, Wash., Ordinance No. 123493, available at http://clerk.ci.seattle.wa.us/~archives/Ordinances/Ord_123493.pdf ("WHEREAS, on July 19, 2010 the U.S. District Court ruled that Seattle's adult entertainment premises license code was facially unconstitutional because it failed to establish time limits for acting upon a license application . . . ."). As an entity that would have had to apply for such a license in the future, the Court finds that Plaintiff thus benefitted from its successful challenge to SMC 6.270.090.

Finally, the Court moves to the third factor—accomplishment of a public goal. It finds that Plaintiff did accomplish a public goal. Plainly, the striking down of a legal provision that unlawfully impeded a First Amendment interest benefits the public.

In sum then, the Court finds that the litigation did succeed, albeit only slightly, at something more than the mere obtainment of nominal damages. Plaintiff's suit caused the City to amend its violative practice in a manner that preserves the public's First Amendment interest. This is a tangible result that permits the Court to exercise its discretion to award Plaintiff attorney's fees under § 1988. Cf. Depee, 593 F.3d at 1063.

Of course, as stated previously, the fact that the Court can award fees and exercises its discretion to do so, does not mean that a reduction is not appropriate. Wilcox, 42 F.3d at 555. In Depee itself, the Ninth Circuit affirmed the district court's "substantial reduction of the fee request . . . in light of [the plaintiff's] limited success." 593 F.3d at 1058, 1063 (affirming the court's award of $136,687.35 in fees—a nearly 80 percent reduction from the $686,796.74 requested). That same concern similarly requires a "substantial reduction of the fee request" in this case.

In determining the appropriate reduction, the Court relies on its understanding of the litigation and "the relationship between the amount of the fee awarded and the results obtained." Id. at 437. It notes that, practically speaking, Plaintiff sought to

ORDER AWARDING FEES AND COSTS - 8

accomplish three things in this litigation.  First, it wanted the Court to throw out all of the City's mechanisms for regulating the location of adult entertainment cabarets and force the City to return to the drawing board, thereby allowing it to open for business.  See Dkt. # 10 at ¶¶ 6.2–6.3, 6.5–6.7.  It did not accomplish this goal.  Dkt. ## 97, 98.  None of the regulations impeding Plaintiff's opening were affected by its suit and, as a result, Plaintiff came no closer to opening its cabaret.

Second, Plaintiff wanted the Court to find that the City improperly applied its regulatory mechanisms against Plaintiff, thereby allowing it to open for business.  See Dkt. # 10 at ¶¶ 6.4, 6.6–6.7.  Again, it was unsuccessful.  See Dkt. ## 97, 98.  Plaintiff came no closer to opening its cabaret.  And finally, Plaintiff sought money damages.  Dkt. # 10 at ¶ 6.8.  As discussed, that claim was wholly unsuccessful as well.

In sum then, while Plaintiff achieved some success, it would be impossible to characterize the results obtained as anything more than minimal.  See Hensley, 461 U.S. at 436; Sorenson, 239 F.3d at 1147.  Frankly, this case appears to fall directly into the category of case described by the Court as warranting a reduction:  a "complex civil rights litigation involving numerous challenges to institutional practices or conditions" where "the plaintiff . . . may succeed in identifying some unlawful practices or conditions," but "the range of possible success is vast."  Hensley, 461 U.S. at 436; see id. ("In this case, for example, the District Court's award of fees based on 2,557 hours worked may have been reasonable in light of the substantial relief obtained.  But had respondents prevailed on only one of their six general claims, for example the claim that petitioners' visitation, mail, and telephone policies were overly restrictive, . . . a fee award based on the claimed hours clearly would have been excessive."); Depee, 593 F.3d at 1058, 1063.

Accordingly, while the Court exercises its ample discretion to award Plaintiff some fees, its award is limited.  Under the circumstances, Plaintiff is entitled to no more

ORDER AWARDING FEES AND COSTS - 9

than $42,974.17 in fees.[5] See Farrar, 506 U.S. at 115 ("Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness or multiplying 'the number of hours reasonably expended . . . by a reasonable hourly rate.'" (citations omitted)); Hensley, 461 U.S. at 436–37 ("There is no precise rule or formula for making these determinations.  The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.").

**C. The Offer of Judgment**

Finally, the Court must consider the effect of the City's Rule 68 offer of judgment.

Again, the Court finds that Plaintiff is entitled to no more than $2 in nominal damages and $42,974.17 in attorney's fees.  It further finds that Plaintiff is entitled to the $713.24 in costs it requests.  Dkt. # 114 at 2.  Plainly, this results in a judgment "not more favorable than the unaccepted offer" of $100,000, Dkt. # 102.

As a result, Rule 68 specifies that Plaintiff "must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).  In the § 1983 context, this includes its own attorney's fees.  Marek, 473 U.S. at 9 ("Since Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68.").  The Court therefore reduces Plaintiff's recovery to eliminate those $12,300 in fees accrued after the City made its offer.  Accounting for the fact that the Court already imposed a two-thirds reduction, the Court reduces Plaintiff's fees by $4,100.  This results in a net attorney's fee award of $38,874.17.[6]

---

[5] The Court reached this amount by subtracting the $9,075 in unrelated fees from the total requested amount of $137,997.50 and then multiplying the remaining sum by one-third.

[6] To be clear, the Court sees no reason why counsel should not be able to recover the remainder of their fees from Plaintiff itself.

ORDER AWARDING FEES AND COSTS - 10

### III. CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff is entitled to recover fees of $38,874.17 and costs of $713.24 under § 1988. Accounting for damages, costs, and fees, it thus directs the Clerk to enter judgment in Plaintiff's favor against the City in the net amount of $39,589.41.

DATED this 29th day of May, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge